ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JOSÉ REAFAEL ARRIETA IGARTÚA<br><br>Recurrido<br><br>v.<br><br>ASOCIACIÓN RESIDENTES DE ESTANCIAS DE CIDRA, INC. Y OTROS<br><br>**MARIA MONSERRATE MONTALVO PADILLA**<br><br>Peticionaria | TA2025CE00521 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br><br>Caso Núm.: CG2020CV01197<br><br><br>Sobre: Daños y otros |

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de noviembre de 2025.

Mediante un recurso de *certiorari,* comparece la parte codemandada y peticionaria, Sra. María M. Montalvo Padilla (señora Montalvo Padilla), de la Asociación de Residentes de Estancias de Cidra, Inc. (AREC). Solicita nuestra intervención para revocar la *Resolución* emitida y notificada el 27 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Por virtud del referido dictamen, el TPI declaró No Ha Lugar la *Moción en Solicitud de Sentencia Sumaria* instada por la compareciente. En consecuencia, rechazó desestimar la reclamación civil en su contra.

**I.**

La presente causa se inició el 11 de junio de 2020, ocasión en que la parte demandante y recurrida, Sr. José Rafael Arrieta Igartúa (señor Arrieta Igartúa), presentó una *Demanda*[1] sobre interdicto preliminar y permanente, daños y perjuicios, contra la Junta de Directores de AREC, entre éstos la señora Montalvo Padilla (en calidad de Secretaria de la

---

[1] Entrada 1 del caso CG2020CV01197 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Junta de Directores de APEC),[2] así como contra el Municipio de Cidra, los residentes Sra. Elimar Resto Jiménez, el Sr. Irving Ortiz Cotto y su compañía Ortiz Imports, LLC. El propósito principal del demandante es hacer cumplir lo establecido en la *Escritura de Restricciones de Uso y Edificación Urbanización Estancias de Cidra*.

En lo que nos atañe, contra la señora Montalvo Padilla en su carácter oficial, el demandante alegó que, junto a la Sra. Omayra Alvarado Cartagena (en calidad de Presidenta de la Junta de Directores de APEC), presuntamente había mantenido el control exclusivo de la APEC, no permitía la inspección de documentos oficiales y no celebraba asambleas anuales ni extraordinarias para llevar a cabo elecciones y nombrar una nueva Junta de Directores, según lo establece el *Reglamento* de APEC. Añadió que presuntamente había secuestrado la APEC por los pasados siete años, creando controversias innecesarias entre los residentes e ignorando sus reclamos del cese y desista de utilizar la propiedad para usos comerciales proscritos por las restricciones privadas, en referencia a una entrada ilegal y un taller de mecánica. Adujo que había utilizado la APEC como un instrumento a su favor y en violación a los derechos de los residentes. Reclamó también la falta de reparación de la verja y la terminación unilateral del servicio de seguridad, lo que ha ocasionado robos en el perímetro de la urbanización.

Por su parte, el 20 de julio de 2020, la Junta de Directores de AREC instó una *Contestación a Demanda*, mediante la cual presentó varias defensas afirmativas.[3] Además, incoó una *Reconvención* contra el demandante y solicitó una suma dineraria en resarcimiento por los daños y perjuicios alegados.

---

[2] La reclamación en su carácter personal contra la señora Montalvo Padilla fue desestimada mediante *Sentencia Parcial*. Véase, entrada 325 del caso CG2020CV01197 en el SUMAC.

[3] Entrada 24 en el SUMAC.

Tras un extenso trámite procesal, innecesario de particularizar, el 16 de enero de 2025, los litigantes presentaron el *Informe de Conferencia con Antelación al Juicio*,[4] el cual fue discutido en la vista de 8 de abril de 2025.[5] Allí, los contendientes estipularon evidencia documental y los siguientes hechos: (1) La Urbanización Estancias de Cidra tiene una escritura de condiciones restrictivas de edificación y uso inscritas en el Registro de la Propiedad que no han sido enmendadas, modificadas o extinguidas. (2) La Asociación de Residentes Estancias de Cidra está debidamente incorporada y, como tal, viene obligada a seguir los procedimientos establecidos en la ley, reglamentos y servidumbres.

En la misma fecha, la señora Montalvo Padilla instó una *Moción en Solicitud de Sentencia Sumaria*.[6] Unió al petitorio los siguientes *Exhibits*: (I) *Declaración Jurada* suscrita por la codemandada; (II) *Resolución* de 2 de febrero de 2024;[7] (III) *Sentencia Parcial* de desestimación a favor del Municipio; (IV) *Demanda* del señor Arrieta Igartúa; (V) fragmento del *Reglamento* de APEC; (VI) *Minuta* de una asamblea de 2012; (VII) facturas por servicios de seguridad de 1996 y 1997; (VIII) *Minuta* de una reunión de 1999; (IX) Comunicaciones de APEC de 2008 a 2011; (X) *Sentencia Parcial* de desistimiento a favor de Omayra Alvarado Cartagena y José Ángel Bracero Izquierdo, en su carácter personal; (XI) *Sentencia Parcial* de desistimiento a favor de Ortiz Imports, LLC; y (XII) fragmento de la deposición del demandante. La demandada propuso 16 hechos no controvertidos[8] y por virtud de dichos enunciados, solicitó la desestimación de la causa en su contra.[9]

A pesar de habérsele brindado un término para ello, el señor Arrieta Igartúa no presentó oposición y el TPI dio por sometida la

---

[4] Entrada 421 en el SUMAC.
[5] Entrada 439, *Minuta*, en el SUMAC.
[6] Entrada 429 en el SUMAC.
[7] Refiérase a la entrada 290 en el SUMAC.
[8] La señora Montalvo Padilla enumeró 17 hechos no controvertidos, pero el 2 y el 5 están repetidos.
[9] Inicialmente, el TPI rechazó evaluar la petición al dirimir que su presentación fue tardía. No obstante, en revisión interlocutoria, esta curia expidió el auto de *certiorari* en el caso KLCE202500544, revocó la decisión y ordenó el examen de la moción por la vía de apremio. Véanse, entradas 430, 433, 437, 450 y 456 en el SUMAC.

petición.[10] Entonces, el 27 de agosto de 2025, el TPI emitió la *Resolución* impugnada, en la que declaró No Ha Lugar la *Moción en Solicitud de Sentencia Sumaria.* En cumplimiento con el ordenamiento procesal, como hechos probados, reprodujo las siete determinaciones fácticas de la *Resolución* de 2 de febrero de 2024[11] y enumeró además los siguientes **hechos no controvertidos**:

. . . . . . . .

8. El portón construido por los codemandados Elimar Resto, Irving Ortiz y la sociedad legal de bienes gananciales compuesta por ambos no requería permiso por ser una construcción menor y/o una sustitución sencilla.

9. María Montalvo fue Secretaria de la Junta de directores de la Asociación de Residentes de Estancias de Cidra durante el periodo de 2013 al 2021.

10. Las funciones de la codemandada María Montalvo como Secretaria de la Junta de Directores consistían en:

a. Asistir a todas las reuniones ordinarias y extraordinarias de la Junta Directiva, así como las Asambleas.
b. Mantener un registro o actas (minutas) de todas las reuniones de la Asociación y la Junta Directiva, las cuales haría llegar una copia a todos los residentes.
c. Redactar todo documento de la Asociación. Anunciará debidamente las Asambleas, reuniones y actividades de la Junta Directiva y/o sus comités.
d. Archivar todo tipo de informe relacionado a la Asociación.
e. Tendrá a cargo la correspondencia oficial de la Asociación y los depósitos bancarios.
f. Custodiar los documentos de la Asociación.
g. Sera la persona encargada de hacer los cheques que el Tesorero le indique, siempre y cuando se tenga documentación por cada uno de ellos.
h. Llevar a cabo cualquier otra función que le pueda ser asignada por la Directiva.

11. La parte demandante desistió de las reclamaciones en contra de: Omayra Alvarado (en su carácter personal), José Ángel Bracero, María Montalvo (en su carácter personal) y Ortiz Imports, LLC.

---

[10] Entradas 451-455 y 457 en el SUMAC.
[11] En la aludida *Resolución*, el TPI determinó **probados** los siguientes hechos: (1) El demandado pertenece la Asociación de Residentes de Estancias de Cidra desde 2002. (2) La junta de directores de la asociación representa los intereses de dicha asociación. (3) La asociación no ha incumplido con las escrituras restrictivas de uso y edificación y no responde por la violación de las mismas de probarse que existen. (4) La junta no lleva más de 7 años sin celebrar la asamblea anual. (5) La asociación permite a los residentes revisar su expediente según reglamento y que su expediente comprende solo los estados de cuenta que se notifican mensualmente. (6) La asamblea para Junta de 2022 se celebró el día 8 de diciembre de 2021. (7) El demandante conocía de los alegados incumplimientos con las restricciones desde el 2002.

Por igual, el TPI consignó las siguientes **controversias**:[12]

1. Si la Junta de Directores de la Asociación fue escogida en asamblea desde 2012 al presente y los miembros tenían capacidad para ocupar sus puestos.

2. Si la Asociación no fue secuestrada o es un alter ego de la antigua junta de directores.

3. La Asociación de Residentes de Cidra nunca ha tenido guardias 24 horas yo perímetro controlado.

4. La Asociación no dio por terminado el servicio de seguridad.

5. La Asociación reparó la verja caída.

6. La Asociación provee los informes que establece el reglamento.

7. La Asociación no ha tomado decisión de eliminar los guardias, la misma se tomó en asamblea.

8. Se desconoce si los codemandados Elimar Resto e Irving Ortiz mantienen un negocio comercial en su residencia.

9. Se desconoce qué daños, si alguno, ha sufrido la parte demandante.

10. Desconocemos si la parte demandante contó con permisos de construcción para la ampliación de su residencia.

Inconforme con la decisión judicial, la señora Montalvo Padilla presentó el recurso de *certiorari* ante nuestra consideración, en el que señaló los siguientes errores:

> ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUS[Ó] DE SU DISCRE[CIÓ]N AL NO ATENDER LOS HECHOS ESTABLECIDOS COMO QUE NO ESTABAN EN CONTROVER[SIA] Y AL DETERMINAR OTROS HECHOS NO [AL]EGADOS EN CONTROVERSIA.
>
> ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA E INCURRI[Ó] EN ERROR MANIFIESTO, IMPARCIALIDAD, PASI[Ó]N, PERJUICIO Y ABUSO DE SU DISCRE[CIÓ]N AL DETERMINAR QUE NO PROCED[Í]A LA MOCI[Ó]N DE SENTENCIA SUMARIA.

---

[12] En la *Resolución* de 2 de febrero de 2024, el TPI consignó las siguientes **controversias**: (1) La junta de directores de la asociación fue escogida en asamblea desde 2012 al presente y los miembros tenían capacidad para ocupar sus puestos. (2) La asociación no ha sido secuestrada o es un alter egos de su junta de directores. (3) La Asociación de Residentes de Cidra nunca ha tenido guardias 24 horas y/o perímetro controlado. (4) La asociación no dio por terminado el servicio de seguridad. (5) La asociación reparó la verja caída. (6) La asociación provee los informes que establece el reglamento. (7) La asociación no ha tolerado ni autorizado se mantenga operación de taller de mecánica y o acceso adicional o negocio comercial. (8) La Asociación no ha tomado decisión de eliminar los guardias, la misma se tomó en asamblea. (9) El demandado ha presentado una reclamación frívola. (10) No existe taller de mecánica en la Urbanización de Estancias de Cidra.

El 10 de octubre de 2025, el señor Arrieta Igartúa instó el *Memorando en oposición a auto de certiorari.* Asimismo, el 24 de octubre de 2025, ambos litigantes presentaron una *Moción urgente en solicitud de orden de paralización [del] juicio en su fondo.* Enunciaron que la vista en sus méritos estaba pautada para el 27 y 28 de octubre de 2025, por lo que solicitaron la paralización de los procedimientos, con el fin de evitar un disloque procesal. En idéntica fecha, emitimos una *Resolución,* mediante la cual declaramos con lugar la petición y ordenamos la paralización.

## II.

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, gobierna el mecanismo de la sentencia dictada sumariamente. *Batista Valentín v. Sucn. Batista Valentín,* 2025 TPSR 93, 216 DPR __ (2025). La norma procesal permite a los tribunales disponer parcial o totalmente de litigios civiles. *León Torres v. Rivera Lebrón,* 204 DPR 20, 51 (2020). De esta manera, se aligera la conclusión de los pleitos, sin la celebración de un juicio en sus méritos, **siempre y cuando no exista una legítima controversia de hechos medulares, de modo que lo restante sea aplicar el derecho**. Véase, *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 676 (2018); *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 109 (2015); *Jusino et als. v. Walgreens,* 155 DPR 560, 576 (2001).

La sentencia sumaria sólo debe dictarse en casos claros. Por tanto, **cuando no existe una certeza prístina sobre todos los hechos materiales que motivaron el pleito, no procede que se dicte sentencia sumaria**. *Pérez Vargas v. Office Depot,* 203 DPR 687, 699 (2021) y los casos allí citados. Por ser éste un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley". *Mgmt.*

*Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000); *León Torres v. Rivera Lebrón, supra,* pág. 44.

En el ejercicio de su amplia discreción, si el Tribunal de Primera Instancia considera que no procede dictar sentencia sumaria en el caso que tiene ante sí, o que no procede conceder ese remedio en su totalidad, es obligatorio que cumpla con lo expuesto en la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, que dispone:

> Si en virtud de una moción presentada bajo las disposiciones de esta regla **no se dicta sentencia** sobre la totalidad del pleito, ni se concede todo el remedio solicitado o se deniega la misma, y es necesario celebrar juicio, **será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos**, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. **Al celebrarse el juicio, se considerarán probados los hechos así especificados** y se procederá de conformidad. (Énfasis nuestro).
>
> .    .    .    .    .    .    .    .

En cuanto a la revisión *de novo* de un dictamen sumario o la denegación de la resolución abreviada, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) únicamente consideramos los documentos que se presentaron ante el foro de primera instancia; y (2) sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, así como si el derecho se aplicó de forma correcta. Este tribunal deberá, además, realizar un **examen dual** que consiste, primero, en **analizar los documentos** que acompañan la solicitud de sentencia sumaria y en la oposición, así como aquellos que obren en el expediente del tribunal; y segundo, **determinar si el oponente de la moción controvirtió algún hecho material y esencial; o si hay alegaciones de la demanda que**

**no han sido refutadas en forma alguna por los documentos**. *Vera v. Dr. Bravo*, 161 DPR 308, 333 (2004).

### III.

Como cuestión de umbral, atendemos el presente recurso por virtud de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. La norma procesal autoriza a esta curia a expedir un auto discrecional de *certiorari*, cuando, como en este caso, se deniega una moción de carácter dispositivo. A su vez, la Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), provee para la atención del recurso, siempre que no cause un fraccionamiento indebido del pleito o una dilación indeseable y la etapa del procedimiento en que se presenta sea la más propicia para su consideración. A tales efectos, anticipamos la expedición del auto de *certiorari* y la confirmación del dictamen impugnado.

En síntesis, la señora Montalvo Padilla aduce que el TPI incidió, al dejar de determinar hechos no controvertidos según propuestos y consignar otros hechos no alegados en controversia. Añade que el TPI erró al no acoger la solicitud y decidir que no procedía la sentencia sumaria a su favor. En su argumentación, la peticionaria sostiene en el recurso que propuso como hechos incontrovertidos las siguientes ocho aseveraciones fácticas, sin que el TPI los acogiera, a pesar de haber sido respaldados con evidencia y declaraciones juradas:

. . . . . . . .

9. Que la asociación no ha sido secuestrada o es un *alter ego* de la señora María Montalvo en su carácter de secretaria. *Véase, Exhibit 1, Declaración jurada párrafo 4.*

10. Que la señora María Montalvo no dio por terminado el servicio de seguridad. *Véase, Exhibit I, Declaración jurada párrafo 5.*

11. Que la codemandada María Montalvo no ha tolerado ni autorizado se mantenga operación de taller de mecánica y o acceso adicional o negocio comercial. *Véase, Exhibit I, Declaración jurada párrafo 6.*

12. Que la codemandada María Montalvo no ha tomado decisión de eliminar los guardias, que la misma se tom[ó] en asamblea. *Véase, Exhibit 1, Declaración jurada párrafo 5. Exhibit VI, Minuta asamblea 2012, páginas 1-6. Véase, Exhibit VII, Seguridad, páginas, 1-15. Exhibit VIII, Minuta Asamblea 1999, páginas 1-3., Exhibit IX Expresidente 21 diciembre de 2011, páginas 1-9, Exhibit V, Reglamento, páginas 7-8.*

. . . . . . . .

14. Que al demandante desistir contra Omayra y Bracero las alegaciones sobre el taller y las violaciones de las escrituras restrictivas por construcción de taller y cualquier alegación de *alter ego* para beneficiar a Omayra se tornaron académicas.

15. Que la señora María Montalvo en su carácter de secretaria no ha permitido que los codemandados Elimar Resto Jiménez, Irving Ortiz Cotto y Ortiz Imports, LLC, construyeran un acceso independiente adicional al de su residencia, ni un negocio comercial. *Exhibit I, Declaración jurada párrafo 7.*

16. Que el demandante desistió de los reclamos contra Ortiz Imports, por lo que cualquier alegación sobre dichas partes contra María Montalvo son académicas. *Exhibit XI, Sentencia Desistimiento contra Ortiz Imports.*

17. Que el demandante no ha sufrido daños. *Véase, Exhibit XII, Deposición demandante, página 158.*

Por su relación, discutiremos ambos señalamientos de error en conjunto.

Luego de un examen *de novo* del expediente ante nos, colegimos que el TPI actuó de conformidad con las normas que gobiernan el mecanismo de la sentencia sumaria. Aun cuando el TPI acogió las determinaciones fácticas propuestas por la señora Montalvo Padilla 1, 2 (5 por repetida), 3, 6, 7, 8 y 13, según se desprende de las aseveraciones antes citadas 9, 10, 11 y 15 el TPI justipreció que —con relación a APEC y, por ende, sus oficiales directivos, incluyendo a la peticionaria— las mismas **continuaban en controversia**.[13] Huelga mencionar que es un hecho incontrovertido que el recurrido desistió de sus reclamaciones en contra de la peticionaria, en su carácter personal, pero no como oficial de la Junta de Directores de APEC.

---

[13] Véanse, los hechos en controversia 2, 3, 4 y 8 de la *Resolución* recurrida y las controversias 7 y 10 de la *Resolución* de 2 de febrero de 2024.

En cuanto a la evidencia anejada, nótese que, en esencia, la peticionaria pretende respaldar estos enunciados a base de una *Declaración Jurada*. Como es sabido, el Tribunal Supremo ha pautado que los hechos debidamente enumerados en una moción de sentencia sumaria, sobre los cuales la parte promovente sostiene que están incontrovertidos, deben hacer referencia a prueba documental admisible en juicio. Ahora bien, aquellas declaraciones juradas ofrecidas por una parte para respaldar sus propios argumentos —práctica conocida como *self-serving*— sólo sirven a la conveniencia e interés del declarante y, en realidad, carecen de valor probatorio por su inherente falta de objetividad. Véase, *Ramos Pérez v. Univisión*, 178 DPR 200 (2010). Por consiguiente, este tipo de declaración jurada resulta insuficiente para demostrar la existencia de lo concluido y para establecer que ciertos hechos esenciales y pertinentes al caso sean incuestionables.

Con relación al enunciado 12, en el que la señora Montalvo Padilla afirma que la "decisión de eliminar los guardias" no la tomó ella, sino la asamblea, la cuestión fue establecida por el TPI como la controversia 7 a dirimir. Esto, porque de la prueba ofrecida, incluyendo las *Minutas*,[14] no surge el hecho según propuesto por la peticionaria.

En este caso, además, en los hechos 14 y 16 precitados, la peticionaria alude a los dictámenes parciales de desistimiento a favor de otras partes codemandadas; a saber, el ente jurídico Ortiz Imports, LLC y la señora Alvarado Cartagena. Sobre estas determinaciones judiciales, la señora Montalvo Padilla pretende beneficiarse aun cuando el recurrido no ha renunciado a las alegaciones en su contra como parte de la directiva de APEC.

---

[14] De la *Minuta* de 29 de abril de 1999 (*Exhibit* VIII), surge que, para mejorar la seguridad, se propuso alternar los turnos diurnos de los guardias varios días a la semana y reducir el horario de seguridad de lunes a viernes para incrementarlo los sábados y domingos. De las comunicaciones entre 2008 al 2011 (*Exhibit* IX) se informó sobre los aumentos en el servicio de seguridad en 2011 y la paralización indefinida de este servicio por razones económicas. Con relación a la *Minuta* de 18 de enero de 2012 (*Exhibit* VI) sólo se desprende la aprobación unánime de la asamblea para que la Junta de Directores entrante se comprometa a adquirir un sistema de cámaras de seguridad y no tener guardias.

Finalmente, en el hecho 17, se afirmó la inexistencia de daños del recurrido, a base del siguiente fragmento de la deposición del señor Arrieta Igartúa:

.    .    .    .    .    .    .    .

LCDO. PEDRO L. BETANCOURT RIVERA [P]:
¿Qué gestión usted hizo antes de la demanda para impugnar eso, si alguna?

SR. JOSÉ R. ARRIETA IGARTÚA [R]:
¿Antes de la demanda?

P       Sí

R       Ninguna. Yo no tengo ningún problema que no, que no haya un guardia de seguridad allí.

P       No.

R       Ninguno. Ninguno.

P       ¿O sea que eso no le causa daño?

R       A mí eso, después que haya un control que sepamos quién está entrando y saliendo no hay problema. Lo que yo tengo problema es con personas entrando que no sabemos quiénes son, como era antes, grúas con carros que no se saben quiénes son entrando todas las noches.

P       Bueno.

R       Eh, como es ahora, que hay una entrada ilegal en contra del control de acceso único.

P       Oiga.

.    .    .    .    .    .    .    .

Ciertamente, luego de una somera lectura del fragmento reproducido, es forzoso colegir que no prueba el hecho propuesto que se pretende sustentar acerca de la ausencia de daños. Por el contrario, las expresiones sostienen la deseabilidad del recurrido de mantener un acceso controlado, aunque no sea a través de guardias de seguridad; así como su insatisfacción por el descontrol de accesos de personas y grúas ajenas a la comunidad y la construcción de la alegada entrada ilegal.

En suma, somos del criterio que, en este caso, el TPI justipreció la petición abreviada, determinó hechos controvertidos y no controvertidos, en cumplimiento con el orden procesal y ejercitó su discreción judicial al determinar que será en un juicio donde dirimirá los asuntos pendientes, en observancia al debido proceso de ley de los litigantes. No albergamos

duda de la existencia de controversias que son necesarias de adjudicar en una vista en su fondo, de manera que se pruebe o descarte, entre otros asuntos, la acción derivativa del recurrido contra la peticionaria. Dichas cuestiones no pueden ser rebatidas meramente con las expresiones consignadas en la declaración jurada y en prueba débil.

**IV.**

Por los fundamentos expuestos, expedimos el recurso de *certiorari* y confirmamos la *Resolución* recurrida. Asimismo, dejamos sin efecto la paralización decretada. En consecuencia, devolvemos el caso ante la atención del Tribunal de Primera Instancia para la celebración del juicio en su fondo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones